**Valentine P. Burchanowski and Mary H. Burchanowski, Appellants *v.* County of Lycoming, School District of the Borough of Montoursville, Borough of Montoursville and Calvin L. Clees, Tax Collector, Appellees.**

Argued June 8, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate in the decision.

*Peter Burchanowski*, with him *Fine, Eisenbeis, Felix & Burchanowski*, for appellants.

No appearance or brief for appellees.

OPINION BY JUDGE CRUMLISH, JR., October 19, 1977:
This is an appeal from a decision and order of the court of common pleas holding, *inter alia*, that a housewife is engaged in an "occupation" within the meaning of The Local Tax Enabling Act. Because of the procedural posture of the case, we do not reach the merits of that holding, but dismiss the appeal as nonjusticiable.

Plaintiffs, husband and wife, are residents of defendants Borough of Montoursville, Montoursville Area School District, and Lycoming County. Valentine Burchanowski is employed but his wife, Mary, is not, except as a housewife. In July, 1975, Mary received a bill for occupation and per capita taxes levied by the County and the Borough for the calendar year 1975 and by the School District for the fiscal year 1975-76. The taxes had been levied pursuant to the authority granted the various defendants by

The Local Tax Enabling Act,[1] The Fourth to Eighth Class County Assessment Law,[2] and Article VI of the Public School Code of 1949.[3] The Lycoming County Tax Assessor includes "housewife" in his list of assessed occupations, and the other taxing bodies use the County's list. In January, 1976, after Mary refused to pay the tax, Valentine was notified that his wages were being attached for the purpose of collecting the unpaid taxes.

Plaintiffs brought this action in equity contending first, that the taxing bodies' resolutions and the Commonwealth's enabling statutes[4] providing for collection of a wife's taxes from her husband's earnings, but not for the collection of a husband's taxes from his wife's earnings, violated the Equal Rights Amendment to the Pennsylvania Constitution;[5] second, that the ERA was also violated by the taxation of housewives, an exclusively female class, when the list of assessed occupations contained no corresponding category for males; and third, that a housewife is not engaged in an occupation, as that term is used in The Local Tax Enabling Act. The court disagreed with the third contention, holding that a housewife was engaged in an occupation and was, therefore, a proper subject of the occupation tax, but agreed with Plaintiffs that the term "housewife" was a sexually discriminatory one,[6] since

---

[1] Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6901 et seq.

[2] Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.101 et seq.

[3] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §6-601 et seq.

[4] Section 20 of the Local Tax Collection Law, Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. §5511.20; Section 19 of The Local Tax Enabling Act, 53 P.S. §6919; and Section 679 of Article VI of the Public School Code of 1949, 24 P.S. §6-679.

[5] Pa. Const. art. I, §28.

[6] As to the first issue, the court stated: "All defendants have agreed that the first issue of plainiffs is meritorious and that the

in its ordinary usage it applied only to women. The court permanently enjoined the collection of an occupation tax from the classification "housewife" "until such time as the classification is made equally applicable to both sexes." It noted that the discriminatory aspects of the tax classification list and the collection provision could be easily eliminated by amending the resolution. Realizing this, and believing that the only truly permanent relief would be a reversal of the court's ruling that housewife is an occupation, Plaintiffs appealed that single question to us.

We have held, citing a long line of precedent, that, in order for a party to have standing to appeal, he must be aggrieved, *i.e.*, his interest must be immediately, directly and adversely affected by the order appealed from. *Cablevision v. Zoning Hearing Board of City of Easton*, 13 Pa. Commonwealth Ct. 232, 320 A.2d 388 (1974). When one issue in a case is decided against a party, but the party prevails on the other issues and wins the case in chief, the party cannot claim to have been adversely affected and hence "aggrieved" by the decision; he therefore lacks standing to appeal the single issue decided against him. Clearly, Plaintiffs here won their case below—the resolutions levying the subject taxes were declared unconstitutional in their application to Plaintiffs, who were thereby freed from the obligation ever to pay the taxes in issue—*i.e.*, the County's and Borough's occupation taxes for the calendar year 1975 and the School District's occupation tax for the fiscal year 1975-76. Plaintiffs' concern about possible future action by the taxing authorities in amending the resolutions does not constitute a controversy appropriate for our re-

---

defendants should be enjoined from attempting to attach the husband-plaintiff's wages for collection of the wife-plaintiff's occupational tax, until such time as the collection provision is made applicable to both husband and wife."

view at this time. Should the taxing bodies cure the defect in the resolutions and attempt to levy the occupation tax upon Mary Burchanowski as a housewife, she will have adequate opportunity to challenge the validity of that separate levy.

Accordingly, we

ORDER

AND Now, this 19th day of October, 1977, the appeal of Valentine P. and Mary H. Burchanowski is hereby dismissed for lack of standing.

Judge KRAMER did not participate in the decision in this case.