In Re: Luke Terraccino.
C & D Landscaping, Appellant.

Submitted on briefs November 19, 1981, to Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Joseph R. Ferdinand, Bigelow, Gillespie & Cooper,* for appellant.

*Pasco L. Schiavo,* for appellee.

OPINION BY JUDGE MENCER, February 5, 1982:

C & D Landscaping (appellant) has appealed from an order of the Court of Common Pleas of Luzerne County which sustained the appeal of Luke Terraccino (appellee) from a decision of the Hazle Township Zoning Hearing Board. We affirm.

This case arises from a complaint lodged by appellant with the Hazle Township Zoning Hearing Board, which alleged that the adjacent property owner was conducting various activities in violation of the zoning ordinance. After hearings, the Zoning Hearing Board found that appellee had violated the zoning ordinance by operating a contractor's yard and selling and repairing equipment in a "B-2" (General Commercial) District, without first obtaining Board approval as required by the ordinance.

The Court of Common Pleas, after taking additional evidence, ruled that appellee's property was located in an "M-1" (Mining) District, in which contractors' yards and accessory uses are permitted, rather than in a B-2 District, as found by the Zoning Hearing Board.

Appellant does not seriously dispute that appellee's property is located in an M-1 District. The Hazle Township engineer testified before the lower court that his survey indicated that appellee's property was located in an M-1 District. The Hazle Township zoning officer also testified that he mistakenly had indicated on appellee's zoning permit that appellee's property was located in a B-2 District, because he had utilized a scale of 1 inch = 1600 feet, as set

forth on the Township's official map, rather than a scale of 1 inch = 3400 feet, necessary to account for the reduced size of the copy of the zoning map actually employed by him in determining the location of appellee's property.

Appellant instead contends that we should extend the "vested right" doctrine to encompass the factual situation present here. Claims of vested right generally arise where either (1) an owner seeks to proceed in accordance with prior zoning despite an existing or pending amendment to the zoning ordinance, or (2) acts of the municipality have created an equity in favor of the property owner which arguably overrides the interest of the community in enforcing an otherwise valid zoning regulation against that owner. *See* R. Ryan, Pennsylvania Zoning Law and Practice §8.1.2 (1981). The rather novel argument advanced here is that appellant has acquired a vested right to prevent a neighboring property owner from utilizing his premises as permitted under the zoning ordinance because of the acts of the municipality. While appellant perhaps one day may be able to claim a vested right in regard to his own property, we can find no reason in law or logic to extend the vested right doctrine so that appellant can enforce the municipality's mistake against a neighboring property owner.

Appellant next argues that the lower court erred by taking additional testimony when the Zoning Hearing Board had held three prior hearings. Section 1010 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11010, empowers the lower court to hold a hearing if "upon motion it is shown that proper consideration of the zoning appeal requires the presentation of additional evidence." The decision to take additional evidence is vested in the discretion of the lower court,

*Brauns v. Swarthmore Borough,* 4 Pa. Commonwealth Ct. 627, 288 A.2d 830 (1972), and we cannot say that the lower court abused this discretion where additional evidence was necessary to determine the proper zoning classification of appellee's property.

Appellant finally argues that the lower court erred in failing to remand this case to the Zoning Hearing Board for adoption of an official zoning map. This argument is meritless. Appellant stipulated to the admission of the official zoning map in the lower court hearing, and the record contains no evidence indicating that an official zoning map does not exist; the testimony merely indicates that the reproduced copies of the official zoning map identified the wrong scale in the title block.

Order affirmed.

### Order

And Now, this 5th day of February, 1982, the order of the Court of Common Pleas of Luzerne County, dated January 27, 1981, sustaining the appeal of Luke Terraccino from a decision of the Hazle Township Zoning Hearing Board, is affirmed.

Judge Palladino did not participate in the decision in this case.