Lower Allen Citizens Action Group, Inc., Appellant *v*. Lower Allen Township Zoning Hearing Board and Hempt Bros., Inc., and Lower Allen Township, Appellees.

Argued September 12, 1985, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*William H. Andring,* for appellant.

*Robert E. Yetter, Metzger, Wickersham, Knauss & Erb,* for appellee, Lower Allen Township.

*Horace A. Johnson, Myers, Johnson, Duffie & Weidner,* for appellee, Hempt Bros., Inc.

OPINION BY SENIOR JUDGE BARBIERI, November 21, 1985:

Lower Allen Township Citizens Action Group, Inc., a domestic non-profit corporation (Appellant), appeals here an order of the Court of Common Pleas of Cumberland County. That order dismissed its appeal from an adverse decision of the Lower Allen Township Zoning Hearing Board of its challenge to the proposed expansion of quarrying operations conducted by Hempt Brothers, Inc. (Hempt). Hempt has filed a motion to quash this appeal for lack of standing. We

shall deny the motion to quash and affirm the order of the common pleas court.

The factual background of this case is somewhat complex; however, the following facts are pertinent to our disposition. Hempt has operated a limestone quarry in Lower Allen Township since 1925. It had acquired the fifty-four acre parcel in question here in 1934 which parcel adjoins the present quarry and, prior to the amendments to the township zoning ordinance (Ordinance) challenged here, was zoned partly R-1 Residential and I-Industrial. While Hempt operated its quarry as a prior non-conforming use, quarrying is a permitted land use in the township by special exception.

The Commissioners of Lower Allen Township (Township) enacted six ordinances between August 15, 1983 and November 14, 1983 which amended the Ordinance. Those amendments provided for the creation of a mineral recovery (MR) district in the township; established regulations for operations in a MR district; rezoned the parcel upon which Hempt's present quarry is located from I-Industrial to MR; rezoned an additional one hundred fifty foot strip of land owned by Hempt from I-Industrial to R-1 Residential; rezoned the remaining 52.6 acres of Hempt's 54 acre tract from I-Industrial and R-1 Residential to MR; and prohibited surface mining as a use in any district other than MR. In November 1983, Hempt filed a request with the Township for a preliminary opinion, pursuant to Section 1005(b) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11005 (b), regarding its proposed quarry on the remaining 52.6 acres of the 1934 tract and its compliance with the Ordinance. On December 7, 1983, the Township issued a preliminary opinion which found Hempt's proposed quarry use in compliance with the Ordinance.

On January 16, 1984, John Shuey, Gilbert Wilson, James Smith, Jr., and John Yeigh, both in their individual capacities and as trustees ad litem of the Lower Allen Citizens Action Group, an unincorporated association (Association), hereinafter referred to collectively as "Challengers," filed with the Board a challenge under Section 1005(b) of the Code to the permitted expansion of Hempt's quarry operation. The Challengers argued that the 1983 amendments to the Ordinance constituted prohibited special legislation and spot zoning and were not reasonably related to the Township's authority to coordinate development and protect the character, health and welfare of the community. They also contended that Hempt's proposed expansion of its quarry was detrimental to the health, welfare and morals of the community. The Board held thirteen hearings comprising approximately forty hours of testimony and compiled a record totaling 1,250 pages and included hundreds of exhibits. On September 6, 1984, the Board rendered a decision which included eighty-two separate findings of fact and dismissed the challenge. On October 1, 1984, the Association filed Articles of Incorporation with the Department of State and was issued a Certification of Incorporation as the Lower Allen Citizens Action Group, Inc. On October 9, 1984, this corporation (Appellant here) filed a notice of appeal from the Board's decision with the common pleas court. None of the original individual challengers joined in the corporation's appeal. Both Hempt and the Township intervened in the appeal in support of the Board's decision. The Township moved to quash the appeal on the basis that the corporation had no standing since it, as a separate entity, was not a party to the proceedings before the Board. Appellant also requested that the common pleas court allow it to present additional evidence. The common pleas court denied both

the motion to quash and the request to take additional evidence and, on the basis of the record made before the Board, affirmed the Board's decision in an extensive and well-written opinion.

In this appeal, Appellant contends that (1) essential findings of the Board are unsupported by substantial evidence; (2) that the common pleas court erred as a matter of law when it denied Appellant the opportunity to present additional evidence; (3) the Township's enactment of the 1983 amendments to the Ordinance constitutes an arbitrary and capricious abuse of discretion and violated Section 1011 of the Code, 53 P.S. §11011; and (4) the Township's enactment of the 1983 amendments to the Ordinance constituted prohibited special legislation or spot zoning. Additionally, Hempt has moved to quash this appeal contending that the Appellant lacks standing. We shall first dispose of the motion to quash and then address the Appellant's contentions seriatim. We are aware, however, that where the common pleas court has taken no additional evidence, as is the case here, our scope of review is limited to determining whether the Board's findings are supported by substantial evidence, whether the Board abused its discretion or committed an error of law. Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b); *Tidewater Oil Co. v. Poore,* 395 Pa. 89, 149 A.2d 636 (1959).

### Hempt's Motion to Quash

In its motion to quash, Hempt contends that the Appellant lacks standing to prosecute this appeal. The gravamen of this argument is that since a corporation enjoys its own legal identity which is separate and distinct from that of its officers, shareholders and members, *see Ashley v. Ashley,* 482 Pa. 228, 393 A.2d 637 (1978), the Appellant, which was incorporated on October 1, 1984, could not have possibly actively par-

ticipated in the proceedings before the Board which were concluded before that date so as to be a "party aggrieved" and have standing to appeal the Board's decision under Section 1005 of the Code, 53 P.S. §11005. Although this argument may have superficial appeal, we are constrained, as was the common pleas court, to find that Appellant does have standing and deny the motion to quash.

Section 1005 of the Code provides, among other things, that any party aggrieved by the Board's decision following a challenge to the use or development of the land of another may take an appeal to court. To be a "party aggrieved" so as to have standing to appeal a zoning board decision, a person must (1) have actively participated as a party in the proceedings before the zoning board; and (2) be directly and adversely affected by the zoning board's decision. *Cf. Louden Hill Farm, Inc. v. Milk Control Commission*, 420 Pa. 548, 217 A.2d 735 (1966); *Burchanowski v. Lycoming County*, 32 Pa. Commonwealth Ct. 207, 378 A.2d 1025 (1977).

Hempt concedes that the Appellant is directly and adversely affected by the Board's decision, however, it argues that since it did not, in its present corporate form, appear as a party in the proceedings before the Board, it lacks standing to appeal the Board's decision. *See Wojtowicz v. Hanover Township Zoning Hearing Board*, 23 Pa. Commonwealth Ct. 12, 350 A.2d 419 (1976) (civic organization formed after the hearing before the zoning board did not have standing to appeal an adverse decision by the zoning board). The Appellant's unincorporated predecessor entity, the Association, did enter an appearance before the Board and actively participated in the proceedings as a party. Hempt concedes that the Association would have had standing to appeal the Board's decision under Section

1005 of the Code. Since the appeal was taken by a different entity than that which appeared as a party before the Board, Hempt argues, there is no standing and the appeal must be quashed. We disagree.

The Nonprofit Corporation Law of 1972, 15 Pa. C. S. §§7301-7990, specifically permits unincorporated associations to incorporate as nonprofit corporations as the Appellant did here. Section 7341 of the Nonprofit Corporation Law of 1972, 15 Pa. C. S. §7341, specifically deals with the incorporation of unincorporated associations and reads as follows:

§7341. *Unincorporated associations*

In the case of the incorporation as a nonprofit corporation under this article of an unincorporated association the articles of incorporation shall contain, in addition to the provisions heretofore required in this chapter, a statement that the incorporators constitute a majority of the members of the committee authorized to incorporate such association by the requisite vote required by the organic law of the association for the amendment of such organic law.

By enacting this section, the General Assembly has evidenced its intent that the incorporation of unincorporated associations constitutes merely a change in the form of such entities rather than the creation of some new and distinct entity. As noted by the common pleas court, the incorporation of an unincorporated association under Section 7341 is more in the nature of an amendment to the articles of association which govern the conduct of the unincorporated association, the purpose for which the association was organized remaining the same. In this case, where the members, officers, purpose and name of the corporation remained substantially the same as that of the unincorporated association, we would be glorifying

form over substance and ignoring reality if we were to hold that the mere filing of articles of incorporation stripped the Appellant of the rights and interests which it had acquired prior to incorporation. That is not the intent of the General Assembly as evidenced by 15 Pa. C. S. §7341 and we find that the Appellant corporation is the legal successor-in-interest to the Association which was a party to the proceedings before the Board and does have standing to prosecute this appeal. Accordingly, Hempt's motion to quash must be denied.

### Evidentiary Challenge to the Board's Findings

Appellant challenges the evidentiary support for forty of the Board's eighty-two findings of fact contending that they are unsupported by substantial evidence in the record. The challenged findings pertain to whether the Township considered all necessary information prior to enacting the 1983 amendments to the Ordinance; the allegation of an illegal agreement between Hempt and a Township supervisor designed to mislead residents and its alleged effect upon the Board's decision; the quarry's impact upon the general development of the municipality; and the effect of the expanded quarry upon groundwater levels and the development of sinkholes. Our review of the challenged findings and the record satisfies us that there is substantial evidentiary support in the record for those findings.

The main thrust of Appellant's challenge to the Board's findings is that the Challengers presented what Appellant feels was overwhelming testimony as to the potential harm an expansion of the existing quarry would bring, as well as the adverse impact upon the area's development in general, and that the Board's findings to the contrary were in capricious disregard of that testimony. While there is an impres-

sive amount of evidence and testimony presented before the Board by the Challengers which is contrary to the Board's findings, that, in and of itself, does not mean that the Board's findings are unsupported by substantial evidence. *Kells v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 142, 378 A.2d 495 (1977). It is, after all, the sole function of the Board, in the performance of its role as fact-finder, to evaluate witness credibility and assign evidentiary weight. *Borough of Youngsville v. Zoning Hearing Board of Youngsville*, 69 Pa. Commonwealth Ct. 282, 450 A.2d 1086 (1982). In that the Board has the power to reject even uncontradicted testimony if it finds it lacking in credibility, *George v. Zoning Hearing Board of Upper Moreland Township*, 39 Pa. Commonwealth Ct. 472, 396 A.2d 478 (1978), the Board does not abuse its discretion by choosing to believe the opinion of one expert or witness over that offered by another. We likewise find that there was no capricious disregard of any competent evidence by the Board in making its findings. We have previously defined a "capricious disregard of competent evidence" to be a disbelief of testimony which someone of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth. *Galla v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 238, 435 A.2d 1344 (1981). The Challenger's evidence clearly does not fall into that category and the Board did not capriciously disregard that evidence when it chose to assign greater weight to Hempt's evidence. Accordingly, since the Board's findings are supported by substantial evidence contained in the record, they are binding upon this Court. *Ramondo v. Zoning Hearing Board of Haverford Township*, 61 Pa. Commonwealth Ct. 242, 434 A.2d 204 (1981).

### Refusal to Receive Additional Evidence

Appellant next argues that the common pleas court erred when it refused to reopen the record to permit it to present additional evidence. Section 1010 of the Code, 53 P.S. §11010, provides that the common pleas court may permit the presentation of additional evidence where it is shown that proper consideration of the zoning appeal requires such additional evidence. The additional evidence which Appellant proposed to present consisted of the testimony of five witnesses whom Appellant stated would testify regarding the business relationships between various Township and Board officials and Hempt, the effect of reclaimed quarries upon their respective communities, the effect of the present quarry upon a nearby school, and the involvement of the Cumberland County Planning Commission in the adoption of the 1983 amendments to the Ordinance.

The decision to take additional evidence is vested in the discretion of the common pleas court. *C & D Landscaping Appeal*, 64 Pa. Commonwealth Ct. 448, 440 A.2d 1265 (1982). In order to be entitled to present additional evidence under Section 1010, the Appellant must demonstrate that the record before the Board is incomplete either because Appellant was refused the opportunity to be fully heard or that relevant testimony was excluded. *Boron Oil Co. v. City of Franklin*, 2 Pa. Commonwealth Ct. 152, 157, 277 A.2d 364, 366 (1971); *Hedrick v. Zoning Hearing Board of Lower Saucon Township*, 23 Pa. D. & C. 3d 684, 686 (C.P. Northampton 1981). Here, the common pleas court carefully examined the record made before the Board and found it to be complete and that the Challengers had been afforded a full and complete opportunity to be heard. In addition, the common pleas court specifically found that the Board had excluded

no relevant testimony when it declined to accept some of the evidence offered by the Challengers. With respect to the participation of the Planning Commission in the adoption of the 1983 amendments to the Ordinance, the common pleas court found that since that evidence went to an alleged procedural defect in the adoption of the amendments, that evidence was not relevant due to a stipulation of counsel that no such procedural defects were being alleged. The testimony regarding the effects of another Hempt quarry which was reclaimed was excluded as irrelevant in that it concerned another jurisdiction and was under the restrictions of a different ordinance. *See Pyle v. Harmar Township Zoning Hearing Board*, 20 Pa. Commonwealth Ct. 4, 340 A.2d 613 (1975). As to the testimony regarding alleged business dealings between various Township and Board officials and Hempt, the common pleas court found, and we agree, that that evidence went to the alleged procedural defects in the drafting and adoption of the 1983 amendments to the Ordinance which were waived by counsel's stipulation that no such defects were alleged. In addition, the existence of those alleged dealings and connections was noted on the record and the Board was aware of them. Finally, with respect to the testimony regarding the effect of the present quarry operation on the students of a nearby school, the only testimony excluded was on the attempt by Challengers' counsel to solicit an opinion by the teacher regarding the effect which the blasting had upon her students. The Board was able to draw that conclusion for itself and the Board's refusal to permit the teacher to draw a specific conclusion or voice a specific opinion as to the effects of the blasting did not warrant reopening of the record. Therefore, we concur with those findings and hold that the common pleas court did not abuse

its discretion in failing to reopen the record to permit Appellant the opportunity to present the additional evidence.

## Township's Alleged Abuse of Discretion

Appellant's third contention is that the Township's action in adopting the 1983 amendments to the Ordinance which provided for a mineral recovery district was an arbitrary and capricious abuse of discretion in that the amendments were adverse to the public health, safety, morals and welfare which entitles it to judicial intervention and relief under Section 1011 of the Code, 53 P.S. §11011. Specifically, Appellant argues that the Township failed to adequately investigate, inquire into, and study the possible adverse effects which an expanded quarry operation permitted by the proposed zoning changes, would have upon the community. We feel that this contention is without merit.

There is no question that quarrying has long been recognized by the appellate courts of this Commonwealth as a legitimate and non-objectionable use of land. *Exton Quarries, Inc. v. Zoning Board of Adjustment*, 425 Pa. 43, 228 A.2d 169 (1967). Accordingly, such legitimate business uses cannot be constitutionally prohibited within a muncipality and the Township was required to make adequate provision for the possibility of such use, taking into due consideration the area, population and existing use of township land. *Id.* at 60, 228 A.2d at 179.

Here, the Township had received input from both the county and township planning commissions regarding the proposed amendments as well as conducted workshops on those amendments. It also considered the fact that the present quarry, in operation since 1925, had no significant adverse impact upon the development of the surrounding area or upon property values. In addition, the Township recognized that

much of the land surrounding the proposed mineral recovery district was owned by the Pennsylvania Bureau of Corrections where the Bureau operates a state correctional institution and has its administrative offices.

We are also aware, as was the Township, that the Commonwealth, through the Department of Labor and Industry and Department of Environmental Resources (DER), extensively regulates the operation of quarries to protect the public against the adverse effects naturally associated with such operations. *Township of Paradise v. Mt. Airy Lodge, Inc.,* 68 Pa. Commonwealth Ct. 548, 449 A.2d 849 (1982). *See generally* Burcat and Geary, *Surface Mining Regulation in Pennsylvania,* 57 Temp. L.Q. 1 (1984). Specifically, the Surface Mining Conservation and Reclamation Act, Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. §§1396.1-1396.31, requires a quarry operator to be licensed by DER and also granted a permit to mine. 52 P.S. §§1396.3a & 1396.4. Should township residents be dissatisfied with Hempt's proposed operation, they have a right to oppose the granting of a mining permit before the Environmental Hearing Board. *See Mignatti Construction Co., Inc. v. Environmental Hearing Board,* 49 Pa. Commonwealth Ct. 497, 411 A.2d 860 (1980). The regulations adopted by the Township governing quarry operations also provide protection to township residents and do not permit quarry operators to escape compliance with statutory and regulatory requirements. Accordingly, the Township did not abuse its discretion nor act in an arbitrary or capricious manner injurious to the public interest when it adopted the 1983 amendments to the Ordinance providing for a mineral recovery district. The Appellant's contention to the contrary must be rejected.

*Spot Zoning*

Appellant's final contention is that the 1983 amendments to the Ordinance constitute prohibited special legislation or spot zoning. We disagree.

Spot zoning is the arbitrary and unreasonable classification and zoning of a small parcel of land. *Cleaver v. Board of Adjustment of Tredyffrin Township*, 414 Pa. 367, 200 A.2d 408 (1964). Spot zoning occurs when one lot or a small area is singled out for different treatment from that accorded to similar surrounding land indistinguishable from it in character for the economic benefit or detriment of the owner. *Appeal of Mulac*, 418 Pa. 207, 210 A.2d 275 (1965). Spot zoning is, of course, unconstitutional and invalid. *French v. Zoning Board of Adjustment*, 408 Pa. 479, 184 A.2d 791 (1962). Where a party raises the issue of spot zoning, a reviewing court must inquire as to whether differential treatment was afforded the area in question and, if so, whether that differential treatment was justified upon consideration of various factors. *Seeherman v. Wilkes-Barre City Zoning Hearing Board*, 42 Pa. Commonwealth Ct. 175, 400 A.2d 1334 (1979).

There is no question that Hempt's land was treated differently than any other tract in the township. The only land included in the newly-created mineral recovery district was that owned by Hempt and quarrying was prohibited anywhere in the township other than in a mineral recovery district. The issue now becomes whether the Township was justified in treating this area of land differently from other land in the township. Upon review of the record, we think the Township was so justified.

A major portion of the new mineral recovery district was comprised of the existing Hempt quarry which had been in operation since 1925 as a prior non-

conforming use. Since there are no other operating quarries in the township, there was no arbitrariness in rezoning that tract as a mineral recovery district. Regarding the rezoning of the other 52.6 acres owned by Hempt as mineral recovery, the common pleas court found that the 9.6 acre tract zoned as mineral recovery contains marketable shale material and its steep contours make it impossible for use as farmland and either difficult or impossible to use for any other purpose. As to the remaining 43 acre tract which was zoned mineral recovery, the common pleas court found that it contains high grade St. Paul limestone in quantities sufficient to permit economic removal. This tract is also adjacent to the present Hempt quarry. Topography, location and characteristics of a tract may be taken into account when determining whether a particular situation constitutes improper spot zoning. *Pollock v. Zoning Board of Adjustment*, 20 Pa. Commonwealth Ct. 641, 342 A.2d 815 (1975). More importantly, the common pleas court found that the only land contiguous to the Hempt lands which would be suitable to rezoning as mineral recovery are those owned by the Commonwealth which is currently being used for a state correctional institution. No evidence was presented that additional mineral recovery districts are needed in the township at the present time.

On the basis of the above findings, we are satisfied that there existed sufficient justification for the Township according the Hempt land differential treatment and that the 1983 amendments which created a mineral recovery district and rezoned certain Hempt lands as mineral recovery do not constitute prohibited spot zoning or special legislation. Appellant's claim to the contrary, therefore, must be rejected.

Having found that the Board's findings were supported by substantial evidence, no errors of law com-

112

mitted nor abuses of discretion committed by the Board, we shall affirm the order of the common pleas court.

ORDER

Now, November 21, 1985, the Motion to Quash filed by Hempt Brothers, Inc., is denied and the Order of the Court of Common Pleas of Cumberland County at Docket No. 2958 Civil 1984, dated March 8, 1985, is hereby affirmed.