531 A.2d 1196

Michael Omiridis *v.* The Zoning Hearing Board of the City of Chester and Anthony and Marie Lucci and Widener College. Anthony and Marie Lucci, Appellants.

Submitted on briefs June 11, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Thomas H. Broadt, Jones, Guthrie, Strohm & Broadt, P.C.,* for appellant.

Appellee precluded from filing a brief.

OPINION BY JUDGE BARRY, October 13, 1987:

Anthony Lucci and Marie Lucci, intervenors, appeal an order of the Court of Common Pleas of Delaware County which sustained a zoning appeal of Michael Omiridis (appellee) from a decision of the Zoning Hearing Board of the City of Chester (Board) and granted him a special exception to operate a restaurant.

The appellee acquired a parcel of property in an area of the City zoned C-1. He wished to open a sit-down restaurant; to do so, he was required by the City's zoning ordinance to obtain a special exception. In this area, an acute parking problem existed. The ordinance required one space of off-street parking for each fifty square feet of floor space devoted to patron seating. Furthermore, Section 1321.16 of the ordinance defines "parking space" as an area "used for parking motor vehicles, the *area of which is not less than 200 square feet* and to which there is access from a street or alley." (Emphasis added.) As the area intended for patron use was

1300 square feet, twenty-six spaces for off street parking were required. At the initial hearing held on appellee's request for a special exception, appellee introduced evidence that it would be able to provide fifteen spaces for off-street parking. The Board denied the appellee's request.

The appellee then filed an appeal to the Court of Common Pleas of Delaware County, arguing, *inter alia,* that other restaurants in the City had not been required to comply with the off-street parking requirements. The trial court, by order dated February 5, 1985, remanded for evidence concerning the number of restaurants in the City which had off-street parking in compliance with the ordinance. The order further directed that after taking of such evidence, the Board was to "have the testimony from such hearing, and the findings of the Board lodged with this Court. . . ."

On remand, the Board found that after eliminating a number of restaurants for reasons not relevant here, only nine of eighty-eight restaurants were in strict compliance. The Board went on to find, however, that only five sit-down restaurants had opened in the last ten years and all had been required to comply strictly with the off-street parking requirements. Further, at the remand hearing, the appellee attempted to introduce evidence that he had obtained additional property for more off-street parking. The Board, however, refused to hear such evidence.

When the testimony and findings were lodged with the trial court, another remand was ordered on April 29, 1985, to consider the application in light of the additional parking spaces which appellee had allegedly obtained. Again the order required the Board to "have the testimony from such hearing and the findings of the Board lodged with this Court. . . ."

The Board heard evidence on the question of the additional parking spaces. On July 25, 1985, the Board,

by letter, informed appellee that it had reversed its earlier decision and was granting the application for a special exception with findings of fact and conclusions of law to be issued shortly thereafter. The intervenors took an immediate appeal to the trial court. On November 15, 1985, the trial court ruled that the Board had exceeded the scope of the trial court's second remand order when, on August 14, 1985[1], it reversed its earlier decision; the trial court then proceeded to make factual findings upon which it concluded that the appellee was entitled to the special exception. In essence, the trial court reversed the original decision of the Board which had denied the application. This appeal followed.

Our scope of review is dependent upon the action taken by the trial court. If the court reviews an appeal from the Board without taking additional evidence, we must determine whether the Board committed an error of law or an abuse of discretion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). If the trial court finds that the record is incomplete, it may take additional testimony, thereby hearing the matter de novo. Section 1010 of the Pennsylvania Municipalities Planning Code (MPC), Act of June 1, 1972, P.L. 333, 53 P.S. §11010. When the trial court hears the matter de novo, our scope of review requires us to determine whether the trial court committed an error of law or an abuse of discretion. *Nassif v. Board of Adjustment of the City of Pittsburgh*, 498 Pa. 530, 448 A.2d 535 (1982).

In the present case, the trial court on two occasions remanded the matter back to the Board for additional

---

[1] Our review of the record in this case reveals no decision of the Board dated August 14, 1985. The only document we are able to find is the letter of July 25, 1985 which informed appellee that his request for a special exception was now being granted. For the reasons that follow, this discrepancy is of no moment to our review in this case.

testimony, further ordering the Board to make factual findings. The court, however, believed that it was hearing the matter de novo. Section 1010 of the MPC permits a common pleas court to make its own factual findings only if the court receives additional evidence or appoints a referee to receive evidence in the court's stead. By remanding the matter to the Board, the trial court deprived itself of the opportunity to make factual findings. Appellants-intervenors, however, do not challenge the trial court's action in this regard and we will not raise this as error sua sponte. We will, therefore, review the case as if the trial court properly heard the matter de novo.

Appellants raise a number of issues but we need decide only one. The appellants argue that the court committed an error of law when it determined that substantial compliance with the ordinance's requirement concerning off-street parking was sufficient to permit the granting of the special exception. When the trial court made its factual findings, it found that the appellee had between twenty-two and twenty-four parking spaces. The court also found that twenty-six spaces were required by the ordinance.[2] The court concluded that this constituted substantial compliance and required the granting of the special exception. We do not agree.

As the Supreme Court has stated:

A special exception is issued for an exceptional use which may be permitted within a particular district if the board of adjustment determines its availability. Such uses are made available as a *privilege*, not as of right, assuming that

---

[2] In its factual findings, the court found that 13,000 square feet of the proposed restaurant would be devoted to patron use. All of the testimony alluded to 1300 square feet. We will therefore ignore this obvious typographical error.

the requisite facts and conditions detailed in the ordinance are found to exist.

*Blair v. Board of Adjustment,* 403 Pa. 105, 106, 169 A.2d 49, 50 (1961) (emphasis in original). Here, the ordinance requires that the appellee's proposed restaurant, having 1300 square feet devoted to patron use, must have twenty-six spaces of off-street parking. As Ryan explains in treatise:

> [A]n owner may be permitted to convert a large residence into apartments, by special exception, if the lot satisfies certain size requirements. This provision is not a 'standard' for judging the special exception application. Rather, it is more in the nature of a condition precedent to the right to seek a special exception. If, for example, the applicant's lot is too small, he must seek both (i) a variance from the lot size requirement and (ii) a special exception seeking permission to install apartments under the ordinance as varied. The special exception standards will not come into play unless the variance is granted.

R. Ryan, Pennsylvania Zoning Law and Practice, §5.2.1 (1970). We believe the parking requirement in the present ordinance is similar to the lot size requirement referred to above. As appellee never applied for a variance, we believe the trial court committed an error of law in ruling that substantial compliance with the parking requirement was sufficient.

Reversed.

### ORDER

Now, October 13, 1987, the order of the Court of Common Pleas of Delaware County, dated November 15, 1985, at No. 84-6840 is reversed and the May 24, 1984 order of the Zoning Hearing Board of the City of Chester denying the application for a special exception is reinstated.