# Overlook Associates v. Borough Council of the Borough of New Freedom

*Donald L. Reihart* and *Thomas E. Miller,* for appellant.
*Harry L. McNeal Jr.,* for appellee.

CASSIMATIS, *J.,* July 17, 1991—Presently before this court is the petition for a rule to show cause of Overlook Associates why the court should not take additional evidence or refer to a referee the matter of a disapproval by the Borough Council of the Borough of New Freedom of a preliminary plan pursuant to 53 P.S. §11005-A.

Overlook filed a notice of appeal on November 16, 1988, from a decision of New Freedom dated October 17, 1988 on the grounds that the disapproval of the preliminary plan was arbitrary, capricious, an abuse of discretion, contrary to law, violative of appellant's rights and made in bad faith by:

"(1) Attempting to deprive appellant of the benefits of the settlement agreement dated October 26, 1987, and

"(2) Attempting to impose illegal conditions and requirements upon appellant's preliminary plan."

On April 4, 1990, Overlook filed a rule to show cause along with a petition why the court should not take additional evidence or refer the matter to a

referee, asserting that proper consideration of the appeal requires the presentation of additional evidence because:

(1) No findings of fact were prepared by the borough.

(2) Reasons for denial are not in conformity with the requirements of the Municipality Planning Code.

(3) Minutes taken at the Borough Council and Borough Planning Commission meetings are inadequate and incomplete.

A prehearing conference was held April 30, 1990 (rescheduled to June 25, 1990 due to an emergency at the courthouse) to establish a briefing schedule and on the same day, an answer to the rule to show cause was filed by New Freedom. Briefs were filed in this case and argument was heard. Prior to reaching the merits of the case, we shall dispose of the petition for a rule to show cause why the court should not take additional evidence or refer the matter to a referee.

Appeals from the approval or disapproval of a subdivision or land development are governed by Article X-A[1], appeals to court of the Municipalities

---

1. "[T]he courts should conclude that Article X-A governs appeals from all land use decisions, whether rendered by the zoning hearing board, the municipal governing body, or the planning agency (where it has been delegated authority to issue final decisions). There are several reasons for this. First, all of the jurisdictional grants are found in Article IX, Code §909.1, 53 P.S. §10909.1. Secondly, the definitions found in Code §107(b) clearly envision the treatment of decisions by the municipal governing body as arising under Article IX and appealable under Article X-A. Finally, it makes no sense to attribute to the legislature an intention to establish an 'exclusive mode' of review while at the same time making the 'mode' applicable only to decisions by the zoning hearing board, challenges, and deemed decisions. See Code §1001-A, 53 P.S. §1101-A. It seems clear that what happened is that having placed all of the jurisdictional sections within Code §909.1, the

Planning Code, 53 P.S. §§11001-A to 11006-A. The pertinent sections read as follows:

"53 P.S. §11001-A. *Land use appeals*

"The procedures set forth in this article shall constitute the exclusive mode for securing review of any decision rendered pursuant to Article IX or deemed to have been made under this act."

"53 P.S. §11002-A. *Jurisdiction and venue on appeal; time for appeal*

"All appeals from all land use decisions rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. §5572 (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9) of this act."

"53 P.S. §11005-A. *Hearing and argument of land use appeal*

"If, upon motion, it is shown that proper considerations of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or may refer the case to a referee to receive additional evidence, provided that appeals brought before the court pursuant to section 916.1 shall not be remanded for further hearings before any body, agency or officer of the municipality. If the record below includes findings of fact made by the govern-

draftsmen believed that all land use decisions were 'rendered pursuant to Article IX,' and hence governed by Article X-A. This is an entirely reasonable reading, and should be followed by the courts." Chapter 11, Subdivision Regulations, R. Ryan, Pennsylvania Zoning Law and Procedure, page 176 ment).

ing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence or appoint a referee to take additional evidence, the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence. If the record does not include findings of fact or if additional evidence is taken by the court or by a referee, the court shall make its own findings of fact based on the record below as supplemented by the additional evidence, if any." July 31, 1968, P.L. 805, no. 247, art. X-A, §1005-A, added December 21, 1988, P.L. 1329, No. 170, §101, effective in 60 days.

"53 P.S. §11006-A. *Judicial relief*

"(a) In a land use appeal, the court shall have power to declare any ordinance or map invalid and set aside or modify any action, decision or order of the governing body, agency or officer of the municipality brought up on appeal.

"(d) Upon motion by any of the parties or upon motion by the court, the judge of the court may hold a hearing or hearings to receive additional evidence or employ experts to aid the court to frame an appropriate order. If the court employs an expert, the report or evidence of such expert shall be available to any party and he shall be subject to examination or cross-examination by any party. He shall be paid reasonable compensation for his services which may be assessed against any or all of the parties as determined by the court. The court shall retain jurisdiction of the appeal during the pendency of any such further proceedings and may, upon motion of the landowner, issue such supplementary orders as it deems necessary to protect the rights of the landowner as declared in its opinion and order."

"The decision to take additional evidence is vested in the discretion of the common pleas court.

*C&D Landscaping Appeal,* 64 Pa. Commw. 448, 440 A.2d 1265 (1982). In order to be entitled to present additional evidence under section 1010, the appellant must demonstrate that the record before the board is incomplete either because appellant was refused the opportunity to be fully heard or that relevant testimony was excluded. *Boron Oil Company v. City of Franklin,* 2 Pa. Commw. 152, 157, 277 A.2d 364, 366 (1971); *Hedrick v. Zoning Hearing Board of Lower Saucon Township,* 23 D.&C. 3d 684, 686 (1981)." *Lower Allen Citizens Action Group Inc. v. Lower Allen Township Zoning Hearing Board,* 93 Pa. Commw. 96, 106, 500 A.2d 1253, 1259 (1958). See also, *Borough Council of Churchill Borough v. Pagal Inc.,* 74 Pa. Commw. 601, 460 A.2d 1214 (1983); *Hogentogler v. Windsor Township Zoning Hearing Board,* 65 Pa. Commw. 451, 442 A.2d 834 (1982). In *Lower Allen,* the common pleas court carefully examined the record made before the board and found it to be complete and that the challengers had been afforded a full and complete opportunity to be heard. In addition, the common pleas court specifically found that the board had excluded no relevant testimony when it declined to accept some of the evidence offered by the challengers. See *Claremont Properties Inc. v. Board of Township Supervisors of Middlesex Township,* 118 Pa. Commw. 527, 546 A.2d 712 (1988), in which the appeal procedures from Article X were also applied to an appeal from the denial of a subdivision application.

Pursuant to a writ of certiorari issued by this court, a certified record of proceedings in the case at bar was filed on December 21, 1988. Included in this record are minutes of numerous meetings which were held by the New Freedom Borough Planning Commission and by the New Freedom Borough

Council. According to the record of the minutes before this court, Overlook (or a representative) was not present at the following meetings and cannot now argue that they were denied a full and complete opportunity to be heard:

(1) New Freedom Borough Planning Commission meeting in regular session on August 18, 1988 at which the second revised preliminary plan was accepted and the recommendation that the preliminary plan submitted on April 15, 1988 not be approved. Deficiencies as to this preliminary plan were discussed. (Record, Item No. 34.)

(2) New Freedom Borough Planning Commission meeting on August 22, 1988, at which the time on the second set of revised plans began on July 28, 1988 and the plans were delivered to Buchart-Horn (engineer). (Record, Item No. 35.)

(3) New Freedom Borough Council meeting in special session on August 29, 1988—second set of Overlook plans is being reviewed, decision will be made on first set of plans on September 26, 1988. (Record, Item No. 39.)

(4) New Freedom Borough Council meeting in regular session on September 12, 1988. (Record, Item No. 43.)

(5) New Freedom Borough Planning Commission meeting in regular session on September 15, 1988. (Record, Item No. 47.)

(6) New Freedom Borough Planning Commission meeting in continued session September 22, 1988—revised preliminary plan not recommended for approval, deficiencies discussed. (Record, Item No. 50.)

(7) New Freedom Borough Council meeting in continued session on September 26, 1988. (Record, Item No. 51.)

(8) New Freedom Borough Council meeting in regular session on October 10, 1988—adoption of decision by Planning Commission to reject preliminary plan. (Record, Item No. 59.)

(9) New Freedom Borough Council meeting in continued session on October 17, 1988—approval of decision to reject the July 1988 preliminary plan. (Record, Item No. 61.)

Appellant correctly states that pursuant to 53 P.S. §10508,[2] there is no mandatory requirement that a

---

2. "53 P.S. 10508. *Approval of plats*

"All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application), next following the date the application is filed, provided, that should the said next regular meeting occur more than 30 days following the filing of the application, the said 90-day period shall be measured from the 30th day following the day the application has been filed.

"(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than 15 days following the decision.

"(2) When the application is not approved in terms as filed, the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.

"(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the

public hearing be held and, therefore, cannot be a consideration in meeting the burden under 53 P.S. §11005-A. "While section 508(5) of the code authorizes hearings, the language is permissive rather than mandatory. . . . [S]ee also, R. Ryan, Pennsylvania Zoning Law and Procedure, §11.2.5 (1981)." *Edwards Engineering Corporation v. Davies,* 80 Pa. Commw. 47, 50, 471 A.2d 119, 121 (1984). However, appellant argues in the petition for a rule to show cause that additional testimony must be taken because the minutes taken at the Borough Council and Borough Planning Commission meetings are "woefully inadequate and incomplete" and there were no "verbatim transcripts taken." Appellant cannot now argue, on the one hand, that the minutes of the meetings are inadequate, and on the other hand, that the meetings are permissive in nature only and cannot be used in consideration of whether to take additional testimony. The Borough Council and Planning Commission of New Freedom held numerous meetings and appellant failed to attend many of them and, therefore, cannot argue that additional testimony should be taken because appellant was denied a reasonable opportunity to be heard.

Second, in order to be entitled to present additional evidence pursuant to *Lower Allen,* appellant must demonstrate that relevant testimony was excluded. Appellant argues that it was denied a reasonable opportunity to respond to objections of the borough or its engineers and was not allowed to modify its plan where there was a difference of

---

prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

"(5) Before acting on any subdivision plat, the governing body or the planning agency, as the case may be, may hold a public hearing thereon after public notice."

opinion or misunderstanding. Appellee argues that because of Overlook's failure to attend any meetings where the revised preliminary plan was discussed, the appellant did not take advantage of the opportunities to meet with appellee and attempt to work out the differences and deficiencies in the plan. Overlook, through its attorneys, did receive a copy of comments made by Buchart-Horn Inc. regarding the revised preliminary subdivision plan, but did not respond.

After careful examination of the certified record of proceedings before this court, it is our opinion that Overlook was given numerous opportunities to present testimony to the Borough Council and/or Planning Commission and failed to do so. We, therefore, deny the pending petition for a rule to show cause why the court should not take additional evidence or refer the matter to a referee.

A notice of appeal was filed by the appellant on November 16, 1988, requesting that this court "reverse the decision of the Borough Council of New Freedom Borough and direct it to approve the preliminary plan of Overlook Associates," which places this issue before this court. The parties have briefed this issue and this court has all it needs to dispose of the issue raised in the notice of appeal.

Therefore, in light of our dismissing the instant petition for a rule to show cause,[3] we will reach and

3. Where a lower court does not receive evidence, it cannot weigh the evidence or determine arguable questions of credibility. Instead, it reviews the findings of the board to see whether they are supported by substantial evidence. *Appeal of deBotton,* 81 Pa. Commw. 513, 474 A.2d 706 (1984). Where the trial court takes no additional evidence, the scope of its review is limited to determining whether the zoning hearing board committed an error of law or manifestly abused its discretion. If the lower court takes evidence, then it decides the case de novo. *Omiridis v. Zoning Hearing Board of the City of*

dispose of appellant's allegations of bad faith and that the Borough Council's decision does not comply with 53 P.S. §10508(2), together with a discussion of the law applicable thereto.

Appellant alleges that the Borough of New Freedom has evidenced bad faith in its review of appellant's revised preliminary plan since its initial submission in May 1980. This plan was denied by the Borough of New Freedom and was appealed to the York County Court of Common Pleas in November 1981. The court of common pleas dismissed the appeal, this decision was appealed to the Pennsylvania Commonwealth Court and was remanded back to the court of common pleas "to permit the parties to fully explore the factual issues which remain in dispute." This litigation resulted in the parties entering into a settlement agreement on October 26, 1987. The settlement agreement stated, among other things, as follows:.

"(2) Overlook shall submit to borough a revised preliminary plan whereon the layout of the streets, lots, parking areas, buildings and other features is the same as that shown on said sketch plan for review pursuant to the procedures set forth in the New Freedom Borough Subdivision and Land Development Ordinance.

"(5) Overlook shall not be required to pay the filing fees required by S.R. in regard to the revised preliminary plan, nor reimburse borough for costs incurred in the review of the revised preliminary

*Chester,* 110 Pa. Commw. 247, 531 A.2d 1196 (1987). A court which does not take additional evidence, and hence reviews findings of the municipal governing body on the records made below, has power to enter additional findings which do not disturb any findings made by the council and are important to review by the appellate court. *Snyder v. Railroad Borough,* 59 Pa. Commw. 385, 430 A.2d 339 (1981).

plan, including, by way of example and not limitations, engineer and solicitor fees.

"(7) *The parties do hereby release, remise and discharge each other and their respective officers, agents and employees of and from any and all claims and causes of action arising out of or in connection with the aforesaid rejected preliminary subdivision plan and the processing thereof, of whatsoever nature.* . . .

"(8) *The parties do hereby agree that the within agreement shall be filed with the court and the court requested to enter final judgment in accord herewith.*" (emphasis supplied)

Appellee alleges that any matters set forth in the petition for a rule to show cause occurring prior to October 26, 1987 are irrelevant to any allegations of bad faith on the part of the Borough of New Freedom. This court agrees with this assertion of appellee, for not only does the settlement agreement state that this was final judgment, the notice of appeal states:

"Paragraph 5. The 1981 appeal of appellant was resolved by a settlement agreement dated October 26, 1987. . .

"Paragraph 9. . . . . This appeal relates only to the disapproval of the July 1988 revised version of the preliminary plan."

Therefore, this court will, in deciding whether or not there is any evidence of bad faith[4] on the part of

---

4.  "Recently, however, we have noticed an ever-increasing undercurrent of sentiment in local municipalities which has as its basis the rejection of further development per se, regardless of the technical and/or social merit. This no growth status quo thinking surfaces in disputes not unlike the instant one. On one hand, we are presented with a developer, who, in our review of this protracted litigation, has presented plans and approaches of an impeccable nature to the township for the orderly and constructive use of his tract. On the other

the borough, only look to any actions following October 26, 1987.

"A municipality has a legal obligation to proceed in good faith in reviewing and processing development plans. The duty of good faith includes discussing matters involving technical requirements or ordinance interpretation with an applicant, and providing an applicant a reasonable opportunity to respond to objections or to modify plans where there has been a misunderstanding or difference of opinion." *Raum v. Board of Supervisors of Tredyffrin Township,* 29 Pa. Commw. 9, 48, 370 A.2d 777, 798 (1977).

In *Raum,* the review conducted was a complete departure from the provisions of the ordinance and the Planning Commission based its resolution upon two "technical objections." There was no basis for either of the objections in the Subdivision Ordinance or the Zoning Ordinance. The record also established that rejections of this type were extremely rare prior to the applications at issue in *Raum.* The court, therefore, in *Raum* found "a deliberate, per-

---

hand, we are presented with local officials charged with the responsibility to review, comment upon, give constructive criticism to, and pass upon schemes of planning brought to them by developers, and we are not unsympathetic to the position in which supervisors and other local officials find themselves in discharging their responsibilities clearly. Their duty is to actively oppose schemes of development unreasonably proposed and conceived, but likewise, their duty is to sanction well-planned development.

"Our sympathies are taxed, however, when local officials, for trifling, over-technical, or simply reasons unrelated to the law of zoning, oppose development otherwise judicially sanctioned. Most certainly, we must balance the vested rights of the landowner-developer with the legitimate exercise of police power by local officials in the granting of permits, etc." *Raum v. Board of Supervisors of Tredyffrin Township,* 29 Pa. Commw. 9, 13, 370 A.2d 777, 781 (1977).

vasive plan and intent exhibited to thwart development of the Chesterbrook tract.''

In *Abarbanel v. Solebury Township*, 132 Pa. Commw. 326, 572 A.2d 862 (1990), the developer appealed from a denial of its application for approval of a preliminary subdivision plan. The issue before the court was whether the township acted in bad faith in denying the application after allowing one additional time period to bring the plan into compliance with the township's ordinances. ''Unlike a municipality's duty under section 508, a developer is not specifically bound by any statutory period for submitting revised plans. However, similar to a municipality's duty to submit revised plans in a reasonable and timely manner, which will enable a municipality to comply with its duties under section 508 and *Raum.* '' *Abarbanel, supra.* The court held that the board acted in good faith.

The evidence in this case demonstrates that Overlook, on August 18, 1988, submitted their revised preliminary plan to the borough secretary. The evidence further demonstrates that Overlook had over one month of opportunity to discuss the requirements of the borough as specifically set forth by the engineer's report of September 13, 1988, but appellant failed to appear at any of the meetings to discuss the deficiencies of the revised preliminary plan.

It is this court's opinion that the Borough Council and Borough Planning Commission made a good-faith effort in reviewing Overlook's plan, in highlighting the plan's deficiencies, and in providing a reasonable opportunity to cure these deficiencies.

Appellant further alleges that none of the justifications for denial of the revised preliminary plan constitutes a lawful basis for denial of the entire plan. Title 53 P.S. §10508(2) requires that a decision

refusing approval of a subdivision plan shall specify the defects and describe the requirements which have not been met, and shall cite to the provisions of the statute or ordinance relied upon. "It is well-settled that this provision is mandatory, and enumerated defects without citation to the provisions of the statute or ordinance relied upon cannot support a denial of an application. *Rosanelli v. Quakertown Borough Council,* 43 Pa. Commw. 420, 402 A.2d 1115 (1979)." *Stein v. Easttown Township Board of Supervisors,* 110 Pa. Commw. 293, 532 A.2d 906 (1987). In the October 17, 1988 decision by New Freedom Borough Council, appellant alleges that portions do not comply with section 10508(2) and are as follows:

(1) "Section 3(c): Natural Conditions, Map—Wetlands." This section cites to 32 P.S. §693.6 and, therefore, complies with section 10508(2).

(2) "Section 5(a): Street Profile and Cross Section." This section does not cite to any statute or ordinance and does not comply with section 10508(2).

(3) "Section 6(g): Storm Drainage Plans." This section does not cite to any statute or ordinance and does not comply with section 10508(2).

(4) "Section 7(c), (d), (f), (g): Water Facilities Plan." Sections (d) and (f) do not cite to any statute or ordinance and, therefore, do not comply with section 10508(2). Section (c) cites to the Pennsylvania DER Water Supply Manual and complies with section 10508(2). Section (g) is a note to applicant.

(5) "Section 8(b), (c): Sanitary Sewer Plan." Section (b) does not cite to any statute or ordinance and does not comply with section 10508(2). Section (c) is a note to applicant.

(6) "Section 10(b): Ownership and Maintenance of Various Facilities." This section does not cite to

any statute or ordinance and does not comply with section 10508(2). Section (c) is a note to applicant.

(7) Section 11 is a caution to applicant.

"The court correctly observed that of the five stated grounds for disapproval, two, having no citation to any ordinance or statute, do not fulfill the requirements of MPC section 508(2), 53 P.S. §10508(2). However, the other three reasons each contain appropriate citations and each is juxtaposed to a brief explanation of the pertinent inadequacy in the plan which complies with the mandates of the statutes." *Noll v. Stewart,* 57 Pa. Commw. 559, 427 A.2d 710 (1981). Therefore, sections 5(a), 6(g), 7(d), 7(f), 8(b), and 10(b) cannot form a proper base upon which to deny appellant's application.

Overlook alleges the following sections of the Borough Council's decision are cited to general requirements, which are too broad to stand as a basis for denial:

(1) Section 2(e) and Section 2(n): These sections cite to S.R. 601, A.(10), Streets in General, which states, "Proposed streets shall be planned and laid out with regard to the existing street system, public convenience in terms of fire and police protection, other emergency services and pedestrian traffic, probable volumes of traffic, existing and proposed use of land on abutting properties and future development extensions of the street system." This is a general statement as to the layout of the streets, but it is in compliance with 53 P.S. §10508(2) and, therefore, these sections are valid.

(2) Section 2(1): This section cites to S.R. 600, F, General Standards, dealing with land subject to flooding and the suitability of such land for residential occupancy. This section cites directly to the Subdivision and Land Development Ordinance and is in compliance with 53 P.S. §10508(2).

(3) Section 4(b): Again, this section cites to S.R. 501, A. (2)(a), S.R. 605, E., 2.0, 504 A. (3) and is in compliance with 53 P.S. §10508(2).

Appellant correctly argues that section 7(e), which cites to S.R. 404(b), is a requirement necessary for final plans and is not a valid reason for denial.

Lastly, Overlook argues that numerous requirements have been met and lists these requirements in their brief. However, had Overlook been present at the meetings when the deficiencies of the plan were discussed, these alleged compliances by Overlook could have been discussed.

Upon careful consideration of the certified record and the briefs of the parties, it is this court's opinion that the Borough Council made a good faith effort in reviewing the developer's' plan, in highlighting the plan's deficiencies, and in providing a reasonable opportunity to cure these deficiencies, and we conclude that the Borough Council did not abuse its discretion in denying the developer's application.

Accordingly, we enter the following

## ORDER

And now, July 17, 1991, it is hereby ordered as follows:

(1) The petition for a rule to show cause why the court should not take additional evidence or refer the matter to a referee is denied.

(2) The October 17, 1988 decision of the Borough Council of New Freedom Borough, denying the July 1988 revised preliminary plan, is affirmed.

(3) We affirm the objections of Overlook Associates to the following cited sections. The cited sections are dismissed and are to be removed from the written decision rendered by the Borough Council:

Section 5(a)
Section 6(g)
Section 7(d)
Section 7(f)
Section 8(b)
Section 10(b)
Section 7(e)

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.