530 A.2d 968

Merion Park Civic Association, Inc. et al., Appellants *v.* Zoning Hearing Board of Lower Merion Township and Township of Lower Merion and Albrecht's Flowers and Greenhouses, Inc., Appellees.

Submitted on briefs June 11, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Daniel Sherman, P.C.,* for appellants.

*Robert S. Ryan,* with him, *Lisa D. Campolo, Drinker, Biddle & Reath,* for appellees.

*Fred B. Fromhold,* with him, *Dawn S. Sunday, Haws & Burke,* for intervenor, Albrecht's Flowers and Greenhouses, Inc.

OPINION BY JUDGE MACPHAIL, August 27, 1987:

Merion Park Civic Association and four individual protestants[1] (jointly, Appellants) have appealed from an order of the Court of Common Pleas of Montgomery County which affirmed a decision of the Lower Merion Township Zoning Hearing Board (Board) regarding a nonconforming use on property owned by Albrecht's Flowers and Greenhouses, Inc. (Albrecht's). The Board determined that Albrecht's was entitled as a matter of right to install an employee parking lot on a portion of its property which had previously contained two greenhouses. We affirm.

Albrecht's has operated a florist shop and nursery business on the tract of land involved in this appeal since the early 1900s. Appellants concede that the use is a legal nonconforming use, having pre-dated enactment of the Lower Merion Zoning Ordinance in 1927. Albrecht's property is an irregularly-shaped lot, comprising approximately two to three acres in area. The tract is divided among three zoning districts: C-1 commercial, R-4 (single family) and R-5 (townhouses) residence districts. Prior to 1985, the property contained a flower shop, boiler house and six greenhouses. In 1985, Albrecht's demolished two of its greenhouses to provide room for the fifteen-space employee parking lot which is at issue in the matter *sub judice.*

Appellants filed an appeal with the Board following receipt of a ruling by the Township Zoning Officer that Albrecht's could install the parking lot as a continuation of its existing nonconforming use. Following a hearing, the Board upheld the Zoning Officer's ruling. Appellants subsequently appealed to the common pleas court which, without taking additional evidence, also affirmed.

---

[1] Evelyn and Daniel Sherman and Grace and John Jenchura.

Our scope of review where the common pleas court has taken no additional evidence is to determine whether the Board abused its discretion or committed an error of law. *Smith v. Board of Zoning Appeals, City of Scranton,* 74 Pa. Commonwealth Ct. 405, 459 A.2d 1350 (1983). We may conclude that the Board abused its discretion only if its fact-findings are not supported by substantial evidence. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

Appellants' first contention is that the two greenhouses which were demolished by Albrecht's in 1985, had actually been abandoned since December, 1981, thereby rendering inapplicable the nonconforming use status of that portion of the property. Appellants argue that the zoning status of that portion of the property, accordingly, has reverted to that of a residential district. Implicit in Appellants' argument is the assumption that a nonconforming use can be abandoned in a piecemeal fashion, building by building, where that use, as here, clearly has not been abandoned as a whole. We need not determine the accuracy of that assumption, however, since we conclude that no abandonment of any type has been established by Appellants in this case.

Section 155-99(E) of the Lower Merion Zoning Ordinance provides as follows:

> Discontinuance. If a nonconforming use of land or of a building ceases or is discontinued for a continuous period of one (1) year or more, subsequent use of such building or land shall be in conformity with the provisions of this chapter [relating to zoning].

Appellants presented evidence to the Board in an effort to prove that a discontinuance of the use of Albrecht's two greenhouses had occurred since December, 1981 resulting in a loss of nonconforming use status.

In its decision, the Board noted that the photographic evidence submitted by Appellants depicting the greenhouses in the several years prior to their demolition does reveal "substantial diminution in activity." Adjudication at 8, Reproduced Record at 32a. The Board also, however, accepted as credible the testimony of Albrecht's president that the greenhouses, though in disrepair, were used for storage of materials utilized in connection with the business.

The law regarding the abandonment of a nonconforming use places the burden of proof on the asserting party; here the Appellants. *Smith*. Where, as here, the applicable zoning ordinance places a reasonable time limitation on the right to resume a nonconforming use, an intention to surrender the right to that use may be presumed from the expiration of the designated time period. *Kuhl v. Zoning Hearing Board of Greene Township*, 52 Pa. Commonwealth Ct. 249, 415 A.2d 954 (1980). It is still necessary, however, to show overt acts or failures to act demonstrating actual abandonment. *Grace Building Co. v. Zoning Hearing Board of Allentown*, 38 Pa. Commonwealth Ct. 193, 392 A.2d 892 (1978).

In the instant case, Appellants' evidence of discontinuance was clearly rebutted by the testimony of Albrecht's president that the greenhouses continued to be used for storage purposes and that "[w]e have no intention of abandoning the greenhouses, no intention whatsoever." Notes of Testimony at 104. As we noted in *Kuhl*, "minimal utilization of a use is sufficient to perpetuate its status as a non-conforming use." *Id*. at 253, 415 A.2d at 956. Moreover, the fact that the greenhouses were used primarily for storage rather than raising plants is not problematical since the use remained one related to Albrecht's business. *Kuhl*. We, accordingly, conclude that Appellants have failed to prove abandonment of the greenhouses prior to their demolition.

The next issue raised by Appellants is whether the installation of an employee parking lot in place of the razed greenhouses constitutes a change in use rather than continuation of an accessory use. The apparent basis for Appellants' argument is their contention that Albrecht's already has three parking lots and that the addition of a fourth lot would create a new principal nonconforming use as a commercial parking lot. The record is clear, however, that the additional parking spaces are to be used in connection with Albrecht's business and constitute an accessory use as that term is defined in Section 155-4(B) of the zoning ordinance.

> ACCESSORY USE—A use subordinate to the principal use of land or of a building on a lot and customarily incidental thereto.

The fact that the parking needs of Albrecht's have increased over time as its retail business has grown and that an increasing portion of its property has been devoted to meeting that need does not alter the essential nature of the accessory use.[2] We believe that nonconforming use status clearly protects changes in business needs such as that raised by the facts of this case. Appellants' efforts to carve Albrecht's nonconforming use into several "sub-uses," each of which may then be subjected to prevailing theories of expansion and abandonment, is simply unavailing.

---

[2] We note that, although this case does involve an expansion of Albrecht's parking facilities, it does not involve an expansion in the area of property devoted to Albrecht's overall business activities. Thus, the special concerns which arise with the expansion of a nonconforming use are not involved here. *See generally Jenkintown Towing Service v. Zoning Hearing Board,* 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982). We do not believe that the minor deviation needed for a curb cut to construct entrance and exit ramps from the new parking lot on land not previously occupied by the greenhouses warrants any change in our analysis.

Appellants next contend that the new parking lot violates the zoning district boundary tolerance provisions of Section 155-8 of the zoning ordinance. We need only note in this regard that as a legal nonconforming use, the specific boundary tolerance provisions set forth in Section 155-8 are inapplicable to Albrecht's property.[3] Thus, any failure by the Board to consider expert testimony concerning the applicability of Section 155-8 does not, as alleged by Appellants, constitute error.

Appellants' final argument is that the Board erred in viewing a prior decision which it had reached regarding a similar application by Albrecht's as binding precedent. Appellants contend that the Board's reliance on its prior decision was erroneous due to certain factual differences between the two cases. We certainly see no error in the Board referring to its prior final and unappealed decisions as having precedential value. We observe that the Board independently analyzed the case before it and simply reached the same result as that reached in its

---

[3] Section 155-8 provides as follows:

Where a district boundary line divides a lot held in single and separate ownership as of January 1, 1983, the regulations applicable to the less restricted district shall extend over the portion of the lot in the more restricted district a distance of not more than fifty (50) feet beyond the district boundary line. The regulations of the less restricted district may extend up to one hundred (100) feet beyond the district boundary line when authorized as a special exception.

This provision, by its terms, permits minor deviations from set zoning district boundaries where a district line divides an individual lot. Since zoning use classifications do not apply to legal nonconforming uses, the terms of Section 155-8 may not be applied, as argued by Appellants, to restrict the valid use status of Albrecht's property. We note that Section 155-8 is not in the nature of a standard dimensional restriction, such as a height limitation or side yard regulation, which may be applicable to a nonconforming use. *See Jenkintown Towing Service.*

prior decision by applying what we have concluded to be correct legal reasoning.

Order affirmed.

ORDER

The order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

Judge CRUMLISH did not participate in the decision in this case.