546 A.2d 755

Kay Friedlander, Appellant *v.* The Zoning Hearing Board of Sayre Borough, Appellee.

Argued April 19, 1988, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Alan J. Friedlander, Friedlander, Friedlander, Reizes & Joch, P.C.,* for appellant.

*Gerard A. Zeller,* with him, *Jonathan P. Foster, Riffle & Foster,* for appellee.

OPINION BY JUDGE BARRY, August 25, 1988:

Appellant Kay Friedlander appeals an order of the Court of Common Pleas of Bradford County which affirmed the decision of the Sayre Township Zoning Hearing Board (Board) to grant two applications for a special use and one application for a variance filed by Robert Packer Hospital (the hospital).

In 1986, the hospital signed an option to purchase three parcels of property from Sayre Motel, Inc. Those

properties are located at 301, 304 and 306 South Wilbur Avenue. The hospital planned to convert all of the properties into administrative offices. The first two are located in an area zoned R/M (high density residential) by the Sayre Township Zoning Ordinance (Ordinance). 306 South Wilbur Avenue is an area zoned R/S (single family residence). Hospitals are permitted within the R/M district as a special use. Section 5.106 and Schedule 1 of the ordinance. Section 6.501 of the ordinance permits variances only for uses permitted within the zoning district, and hospitals are not permitted in the R/S district. Following a hearing, the Board granted all of the requested relief. Appellant sought review from the Court of Common Pleas of Bradford County. That tribunal took no additional testimony and affirmed the Board's order. This appeal followed.

Where the trial court takes no additional testimony in a zoning appeal, our scope of review is limited to determining whether the Board committed an error of law or abused its discretion. *Merion Park Civic Association v. Zoning Hearing Board of Lower Merion Township,* 109 Pa. Commonwealth Ct. 38, 530 A.2d 968 (1987). An abuse of discretion can be found only where findings of the Board are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). Keeping in mind our scope of review, we will review appellant's allegations of error.

Appellant first argues that the hospital lacked standing to seek relief from the Board. Section 914 of the Pennsylvania Muncipalities Planning Code (MPC), Act of July 31, 1968, *as amended,* P.L. 805, 53 P.S. §10914, provides, "Requests for a variance . . . and request for a special exception . . . may be filed with the board by any landowner. . . ." In section 107(12) of the MPC, a "landowner" is defined, *inter alia,* as "the legal or bene-

ficial owner . . . of land including the holder of an option . . . to purchase. . . ." 53 P.S. §10107(12). Appellant argues that the option in this case lacks specificity regarding essential terms, thereby rendering it illusory and unenforceable. Like the trial court, we believe this argument has been waived by failure to raise it before the Board.

Appellant acknowledges her failure to challenge the hospital's standing before the Board. She argues that such a challenge was unnecessary, believing that standing is jurisdictional and therefore can be raised at any time. We disagree. In *Zerbe Township School District v. Thomas,* 353 Pa. 162, 165, 44 A.2d 566, 568 (1945), the Court stated:

> Even if a plaintiff have no standing to bring his action, even if his statement of claim or bill in equity be demurrable, even if he fail to establish the allegations in his complaint, even if the court ultimately conclude that the relief he seeks should not be granted in whole or in part, *not any or all of these circumstances would enter into, much less determine, the question whether the court has jurisdiction of the litigation.*

(Emphasis added.) Appellant does not nor could she seriously challenge the jurisdiction of common pleas court to hear an appeal from the Board. As the Supreme Court has made clear the lack of standing does not affect a court's jurisdiction and the failure to challenge a zoning applicant's standing before the Board constitutes a waiver of that claim.

Appellant argues that the Board committed an error of law in granting the applications for special uses for the properties at 301 and 304 South Wilbur Avenue. As previously mentioned, those parcels are located within the R/M district where hospitals are permitted as a special use. As we have stated, "[A] special exception is not

an exception to the zoning ordinance but is a use which is permitted unless, under the circumstances, such use would adversely affect the community. . . ." *Heck v. Zoning Hearing Board of Harvey's Lake Borough*, 39 Pa. Commonwealth Ct. 570, 575, 397 A.2d 15, 18 (1979). Appellant does not allege on appeal that the use would adversely affect the community. Rather, she argues that the proposed uses are not "hospitals" because the building will be used for administrative purposes and not for housing patients. We need say no more than the trial court in this regard. "Hospital offices are just as much a hospital as patient rooms." (Opinion of trial court, 10/1/87, p. 3).

Finally, appellant challenges the Board's grant of a variance to 306 South Wilbur Avenue on a number of grounds. Before proceeding upon her challenges, a factual narration is required. All three of the properties were formerly owned by the Sayre Motel. The property at 306 South Wilbur Avenue has been used as a banquet facility for almost nine years. Such use was nonconforming. The property is bordered on three sides by the R/M district; the property to the south is the only one in the R/S district. When the hospital sought permission to remove the motel building on its land to construct a parking lot to the rear of 306 South Wilbur Avenue, the Board granted the special use on the condition that 306 South Wilbur Avenue was left intact, "screening" the parking lot for the single family residences across the street. Further, testimony was presented that Sayre Borough was in the process of amending its zoning ordinance to classify the area which included 306 South Wilbur Avenue as a hospital zone.

Richard Ault, the hospital's Vice President for Administration, testified that the property would be used for offices for approximately seven employees who would work from 8:00 A.M. to 5:00 P.M. Monday

through Friday. He testified that those employees would use the employee parking lot. The hospital's administration planned no structural changes to the building, keeping its residential facade intact. The only outside light would be the porch light. Ault testified that while deliveries would be made to the building, the delivery trucks could park in a driveway on the property. He testified that because of the prior use as a banquet hall, extensive interior upgrading would be required to convert the property to a single family residence and that such costs would probably make the rent prohibitive.

Upon considering all of the testimony, the Board granted the variance. It concluded that the zoning ordinance created an unnecessary hardship because 306 South Wilbur Avenue was unique and found that granting the variance would not be contrary to the public interest. The Board also concluded that the portion of Section 6.501 of the zoning ordinance which permitted variances only for uses permitted within the zoning district was unconstitutional. Appellant, of course, challenges all of these findings and conclusions.

Appellant first argues that both the Board and the court erred in concluding that the ordinance was unconstitutional in prohibiting use variances. We do not believe this conclusion need be reviewed. It is well settled that a court should not decide a constitutional question if the case can be decided on nonconstitutional grounds. *Lattanzio v. Unemployment Compensation Board of Review*, 461 Pa. 392, 336 A.2d 595 (1975). Furthermore, we can affirm a correct decision of a tribunal below even if the reasoning of that body was erroneous. *Rhoades v. Lancaster Parking Authority*, 103 Pa. Commonwealth Ct. 303, 520 A.2d 122 (1987).

Section 912(2) of the MPC empowers a board to grant variances where, *inter alia*, it is necessary to en-

able a reasonable use of the property. 53 P.S. §10912(2). In this case, the permitted special uses are the conversion of a single family residence to a two family residence, churches, Sunday schools and other places of worship, public schools, parks, playgrounds and firehouses. Schedule 1 of the ordinance. As none of these uses are reasonable for the hospital, strict application of Section 6.501 of the ordinance would be inconsistent with the MPC. For that reason, we believe the questioned portion of that section was properly disregarded in this case.

Appellant next argues that the hospital failed to prove the requisite unnecessary hardship for obtaining a variance. Before a variance may be granted, Section 902(1) of the MPC requires a finding "[t]hat there are unique physical circumstances or . . . physical conditions peculiar to the particular property, and that unnecessary hardship is due to such conditions. . . ." In this case, the Board considered that the building on the property was required to remain standing in order to screen the parking lot from the nearby residences. Further, the Board also considered the fact that the parking lot in the rear made the property less desirable as a single family residence.

Appellant argues that any hardship in this case does not rise to the level of "unnecessary." We believe that *O'Neill v. Philadelphia Zoning Board of Adjustment*, 384 Pa. 379, 120 A.2d 901 (1956) applies. There, a building which predated the zoning ordinance was used as a commercial garage. The zoning ordinance classified the area as residential. The applicant proposed to partition the first floor, using one portion to park her car and the remainder as a private ballet studio. The board then granted the variance finding that the proposed use (1) was far less obnoxious" than the use as a garage, (2) would not adversely affect the neighborhood and (3) the

property could not easily be converted to a residence. The trial court reversed by concluding that the board had abused its discretion in finding an unnecessary hardship because of its belief that the making of expenditures to convert to a residence was not an unnecessary hardship. The Supreme Court reversed.

The Court first noted that the case was distinguishable from those cases where one was claiming unnecessary hardship because the zoning laws prevented the owner from realizing the property's *maximum value.* As the Supreme Court stated, "It is the *required* conversion of the premises in question from a nonconforming use at substantial cost, claimed by the [landowner] to be financially impracticable" *Id.* at 384, 120 A.2d at 904 (emphasis in original). The Court went on to state:

> While it is true that a board of adjustment may only grant a variance if an alleged hardship is substantial and of compelling force, we are of the opinion that the appellants have shown singular circumstances which justify a departure from the strict letter of the zoning regulations. The Board's discretion is not so circumscribed as to require a property owner to reconstruct a building to a conforming use regardless of the financial burden that would be incident thereto. Especially is this true where the change sought is from one nonconforming use to another more desirable nonconforming use that will not adversely affect but better the neighborhood. . . . We have repeatedly held that the decision of a zoning board should be reversed only where it has flagrantly and manifestly abused its discretion. In the instant case the court below based its decision solely upon the nonexistence of 'unnecessary hardship'. As before indicated, in our opinion this conclusion was not justified.

*Id.* at 386, 120 A.2d at 904-05. *Accord Logan Square Neighborhood Association v. Zoning Board of Adjustment,* 32 Pa. Commonwealth Ct. 277, 379 A.2d 632 (1977).

We believe the similarities between *O'Neill* and the present case are such that *O'Neill* controls and requires us to reject appellant's argument that the hospital failed to prove an unnecessary hardship. While appellant argues that *O'Neill* is distinguishable because the renovations there were much more substantial than would have been required in the present case, that attempted distinction is unwarranted. A building which had been used as a banquet hall would require substantial renovation to return to a single family residence. Furthermore, Ault, the hospital's vice president, testified that extensive interior work would be needed to convert to a single family residence. As the former use was nonconforming, substantial expenditure need not be made in light of *O'Neill.*

Appellant next argues that the grant of a variance would alter the essential character of the neighborhood. Appellant argues that use as an office would create so much traffic that it would alter the present residential character. There was testimony in the record that an office housing seven employees would require less traffic that a motel's banquet hall, especially when the employees work only from 8:00 A.M. to 5:00 P.M., Monday through Friday. The Board found that the proposed use would not have a detrimental effect on the neighborhood. We believe this factual finding is supported by evidence in the record.

Finally, appellant argues that the matter must be remanded because of the Board's failure to make a finding on Section 5.502 of the ordinance which requires parking spaces for off-street loading. No finding was made because appellant never presented this question to the Board. We thus believe this argument has been waived.

ORDER

Now, August 25, 1988, the October 1, 1987 order of the Court of Common Pleas of Bradford County at No. 86-699, Civil Action, Law, is affirmed.