573 A.2d 664

**Harry A. Maryrita SWEENEY and The Haverford Civic Association**

**v.**

**The ZONING HEARING BOARD OF LOWER MERION TOWNSHIP and Philadelphia Properties, Inc. and Lower Merion Township**

**Appeal of PHILADELPHIA PROPERTIES, INC., owner, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1990.

Decided April 20, 1990.

Leonard J. Bucki (Wolf, Block, Schorr and Solis–Cohen, Philadelphia, of counsel), for appellants.

Gilbert P. High, Norristown, with him, James K. Brengle and Joseph G. Lisicky (Duane, Morris & Heckscher, Philadelphia, of counsel), for appellees.

Before CRAIG and COLINS, JJ., and SILVESTRI, Senior Judge.

CRAIG, Judge.

Philadelphia Properties, Inc. (Properties) appeals from an order of the Court of Common Pleas of Montgomery County, sitting en banc, reversing a decision by the Zoning Hearing Board of Lower Merion Township, which, in part, granted Properties a variance to extend automobile parking into an area zoned R–2 Residence District.

Properties is the owner of land bisected by a zoning district boundary, so part of the land is in the R–7 Multifamily Residence District and part is in the R–2 Single-family Residence District.

In the late 1920's or early 1930's, two apartment complexes containing 128 units were constructed on the R–7 premises, on which 102 parking spaces for those units are also located. In the R–2 portion, the Zoning Ordinance does not allow parking lots—parking facilities serving occupants of more than one premises.

On June 1, 1988, Properties filed an application with the board requesting relief from the zoning provisions of the Lower Merion Code to convert most of the R–2 zoned land of Properties for the purpose of open-air parking. Specifically, Properties sought approval for a 100–foot extension of the R–7 District into the R–2 area—under the ordinance terms, 50 feet by right and 50 feet more by special exception—plus a variance for additional parking spaces beyond

the R–7 extension and within the remaining R–2 area. Properties also proposed the construction of eight new townhouse units while reducing the number of existing units by 25, thereby resulting in an application to create 157 parking spaces for 111 living units.

On September 8, 1988, following a hearing, the board denied without prejudice the requested variance on the ground that Properties offered no proof of unnecessary hardship. The board then concluded that Properties' special exception request was moot.

Properties submitted a revised application for a special exception and a variance on November 17, 1988. In this application, Properties again sought a special exception and variance, but eliminated all new townhouse construction and proposed to reduce the number of living units by 25, thereby resulting in an application to create 158 parking spaces for 103 units.

On February 9, 1989, following a second hearing, the board granted an appeal to permit extension of the R–7 District for the full 100 feet in the R–2 area, 50 feet by right and an additional 50 feet by special exception. Additionally, the board denied the variance as presented, but did fashion an alternative variance to permit additional parking in the R–2 area immediately beyond the 100–foot extension, but at least 80 feet removed from the adjoining neighborhood street and conditioned on various buffer devices and techniques. The diagram below reflects the board's decision:

Harry A. and Maryrita Sweeney and the Haverford Civic Association, residents in the surrounding neighborhoods, appealed the decision to the Common Pleas Court of Montgomery County.

The trial court, taking no additional evidence, affirmed the board's decision regarding the special exception, and there is no issue here concerning that aspect of the case. However, the trial court reversed the board's decision to grant the variance because, as with the first application, Properties offered no evidence of hardship to establish that the premises would not have ample use as zoned. Properties now appeals the denial of the variance to this court.[1]

This court has construed the Pennsylvania Municipalities

---

1. This court's scope of review, where the trial court takes no additional evidence, is limited to determining whether the board committed an error of law or abused its discretion, which is found only where the board's findings are not supported by substantial evidence. *Friedlander v. Zoning Hearing Board of Sayre Borough,* 119 Pa.Commonwealth Ct. 164, 546 A.2d 755 (1988).

Planning Code (MPC),[2] as providing, for entitlement to a variance, that:

> (1) the property must possess unique physical circumstances; (2) those circumstances, in combination with the regulations, must cause unnecessary hardship—an unreasonable inhibition of usefulness of the property; (3) the hardship must not be self-inflicted; (4) the granting of a variance must not have an adverse impact on the health, safety and welfare of the general public; and (5) the variance sought must be the minimum variance that will afford relief.

*Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township,* 67 Pa.Commonwealth Ct. 183, 446 A.2d 716 (1982).

Section 155–95(A) of the Lower Merion Township Code provides that, as of September 25, 1981, at least two parking spaces shall be readily accessible for each apartment contained in any building erected or converted for apartment housing.

Because of the respective requirements of the MPC and of the Township Code, the sole issue before this court is whether insufficient off-street parking for a privately owned apartment complex constitutes an unnecessary hardship warranting the grant of a variance as to use provisions prohibiting parking lots.

The board granted the variance on the basis of this court's decision in *Civera v. Zoning Board of Adjustment,* 9 Pa. D. & C.3d 39 (1977), *aff'd,* 39 Pa.Commonwealth Ct. 499, 395 A.2d 700 (1978), upon which Properties now relies. In *Civera,* this court affirmed a decision to grant a variance permitting a non-profit cultural institution to construct a private off-street parking facility.

**2.** Former § 912 of the Act of July 31, 1968, P.L. 805, *as amended, formerly* 53 P.S. § 10912. We note that, although the Act of December 12, 1988, P.L. 1329, has further amended the MPC and altered the section numbers (the contents of § 912 are now contained in § 910.2, 53 P.S. § 10910.2), the pre–1988 version of the MPC governs this case and is cited accordingly.

The board interpreted *Civera* to stand for the proposition that "less stringent rules apply [for granting a variance] where the nub of the application is an attempt to modernize or improve an existing, legal use, bringing it more in line with current standards." The board then concluded that an applicant satisfies his burden of proving hardship by showing that a "shortage of parking has a major adverse effect on an existing facility which is nonconforming in that respect, preventing its use or modernization."

The board's decision is precisely accurate in pointing out that the apartment development, as located in the R–7 District, is a legal use, not a nonconforming one. The apartment complex is, as the board notes, nonconforming only in that it falls short of compliance with the off-street parking ratio requirements. Therefore, this case does not involve the expansion of a nonconforming use. The apartment development is not being expanded; apparently, it is being reduced, at least in terms of number of units. Although parking lots are prohibited in the R–2 District, the extension of the parking area also does not involve the expansion of a nonconforming use because no parking lot has yet been located in the R–2 Single-family Residence District.

Therefore the circumstances of the *Civera* decision are not parallel. As this court stated, that case involved "the special circumstances of the off-street parking needs involved in a natural expansion of applicant's nonconforming use," which was an art gallery in a residential district. 39 Pa.Commonwealth Ct. at 501, 395 A.2d at 700.

 Certainly, zoning law includes the sound principle that a nonconforming use is not entitled to any greater rights than a conforming use. *Jenkintown*, 67 Pa.Commonwealth Ct. at 189, 446 A.2d at 719. However, the liberal interpretation of hardship in *Civera*, accepted because of the unique circumstances of that location, cannot be extended here to authorize the intrusion of a new prohibited use into a zoning district on the basis that it facilitates the modernization of a conforming use in an adjacent dis-

trict and improves the degree of compliance with the off-street parking ratio required.

To be sure, full compliance with the off-street parking requirements would undoubtedly increase the viability of the apartment complex. To deny the intrusion into the adjacent single-family district may well leave the apartment complex subjected to some economic disadvantage or hardship. However, economic hardship, unless it renders the property practically valueless, does not justify a variance. *Fiori Appeal,* 69 Pa.Commonwealth Ct. 463, 451 A.2d 804 (1982). There is no dispute that Properties did not present any evidence establishing that the usefulness of the relevant premises has been unreasonably inhibited as a result of the physical circumstances of the land.

As trial Judge Ott noted, this is a case of

a private corporation attempting to maximize profit from its investment. That goal is neither unusual nor unworthy but it will not justify a variance. Though we have no doubt that the variance, and the resultant increase in parking would increase the marketability and rental value of the apartment units, such considerations are irrelevant in determining the existence of a hardship.

Therefore, the trial court did not commit an error of law or abuse its discretion in reversing the board and denying the variance.

Accordingly, the decision of the trial court is affirmed.

## ORDER

NOW, April 20, 1990, the order of the Court of Common Pleas of Montgomery County, dated September 20, 1989, at No. 89–03725, is affirmed.

SILVESTRI, Senior Judge, dissents.