582 A.2d 716

**Michael and Elizabeth O'KANE, Appellants,**

v.

**ZONING HEARING BOARD OF HAVERFORD TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 11, 1990.

Decided Nov. 14, 1990.

Brian S. Quinn, Havertown, for appellants.

John H. Toal, Media, for appellee.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Michael and Elizabeth O'Kane (Appellants) appeal the order of the Delaware County Court of Common Pleas (trial court) affirming the decision of the Zoning Hearing Board of Haverford Township (Board) which denied Appellants a variance. We will affirm the trial court's order.

Appellants' property contains both a residence, which has been converted into two one-bedroom apartments, as well as a detached garage, which is used as an office and storage area for supplies in connection with the plumbing business operated by Appellants. This property is located in an 0–2 Office–Residential zoning district which does not permit the

uses Appellants have made of the residence and garage. The uses thereof, however, are permitted as lawful nonconforming uses, having antedated the Office–Residential zoning designation. Because Appellants' uses are lawfully nonconforming, they were not required to comply with off-street parking requirements otherwise applicable to such uses.

Appellants sought a variance from the Board to pave a portion of their backyard so as to provide two parking spaces for their tenants and two parking spaces for the office and storage use made of the detached garage. The Board concluded that Appellants required a variance since their proposed parking area constituted an expansion of a nonconforming use. The Board likewise concluded that there were no conditions peculiar to Appellants' property which created a hardship sufficient to justify the granting of a variance.

Appellants appealed the Board's decision to the trial court. Without taking additional evidence, the trial court affirmed the Board's denial.

On appeal to this Court, Appellants present two issues for our consideration: (1) whether the Board erred in concluding that the construction of four off-street parking spaces constitutes an expansion of a nonconforming use and (2) whether the Board erred in concluding that the construction of four off-street parking spaces required a variance and that Appellants failed to establish the elements for the grant of a variance. Because the trial court took no additional evidence, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

■ Appellants assert that their attempt to bring their property into closer compliance with the ordinance's parking requirements by creating four off-street parking spaces,

where there had been none, is not an expansion of a nonconforming use and that the installation of the parking spaces should have been permitted as a matter of right in accordance with this Court's decision in *Merion Park Civic Association, Inc. v. Zoning Hearing Board of Lower Merion Township*, 109 Pa.Commonwealth Ct. 38, 530 A.2d 968 (1987).[1] Appellants alternatively assert that a special exception, rather than a variance, was the proper form of relief under the ordinance and, in any event, they established entitlement to a variance.

In *Civera v. Zoning Board of Adjustment*, 9 Pa.D. & C.3d 39 (1977), *aff'd*, 39 Pa.Commonwealth Ct. 499, 395 A.2d 700 (1979), a case factually similar to the case *sub judice*, and, in our opinion, dispositive,[2] the applicant sought to construct a parking lot as an accessory to a nonconforming use of its property as an art gallery, which application was treated as a request for a variance and subsequently granted. On appeal, the trial court concluded, and we agreed, that the zoning board of adjustment correctly treated the application as one for a variance since the applicant proposed to construct the parking lot as an accessory use on

1. This case involved a lawful nonconforming use of property as a florist shop and nursery business, which property initially contained a flower shop, boiler house and six greenhouses. Two of the six greenhouses were subsequently razed to provide room for an additional employee parking lot. The zoning hearing board determined that the applicant was entitled to install the proposed employee parking lot as a continuation of its existing nonconforming use. On appeal from the trial court's affirmance, we were presented, *inter alia,* with the issue of whether the installation of an additional employee parking lot in place of the razed greenhouses constituted a change of use or a continuation of an accessory use to the principal nonconforming use. In affirming, we stated that the additional parking spaces were to be used in connection with the applicant's business and constituted an accessory use under the ordinance. We stated as well that the applicant's nonconforming use status clearly protected changes in the applicant's business needs. We also noted that there was an expansion of the applicant's parking facilities, but that the expansion did not include property not previously devoted to the applicant's overall business activities.

2. We note that in *Sweeney v. Zoning Hearing Board of Lower Merion Township*, 132 Pa.Commonwealth Ct. 548, 573 A.2d 664 (1990), *Civera* was distinguished, but on grounds not controlling here.

property not previously devoted to the principal nonconforming use and, in so concluding, applied the principles concerning expansion of a nonconforming use.[3]

■ Here, Appellants proposed to install four parking spaces presumably as accessory uses on a portion of their property not previously devoted to their principal nonconforming uses.[4] For this reason, we find first that Appellants' reliance on *Merion Park Civic Association, Inc.* is misplaced and, second, that the proposed parking spaces would constitute an expansion of Appellants' nonconforming uses such as would require a variance. *Civera.*[5] Accordingly, we find no error by the Board in concluding

3. The trial court stated that the expansion of a nonconforming use over property previously devoted to such use is to be permitted unless detrimental to the public welfare, safety or health. The trial court further stated, however, that where an applicant fails to establish that the property over which the nonconforming use is to be expanded was previously devoted to the nonconforming use or seeks to expand a nonconforming use over property not previously devoted to such use, a variance must be secured.

4. We note that it was Appellants' burden to prove that this portion of their property was previously devoted to their nonconforming uses. *Civera.* The record is devoid of any such evidence. Nor do Appellants now argue that it was so devoted.

5. In contending that the proper relief here was a special exception, rather than a variance, Appellants rely on Section 182–802(B)(1) of the ordinance. This section is entitled "Enlargement of a non-conforming use, building or structure" and directs in relevant part that:
   A non-conforming use, building or structure shall not be extended, enlarged or added to in any manner unless said use, building or structure, including any additions and enlargements, is made to conform to all the regulations of the district, *except that, when authorized as a special exception* by the Zoning Hearing Board following review and recommendation by the Planning Commission, *a non-conforming use or building which consists predominantly of a non-conforming use of the land, as opposed to a non-conforming use of a building,* may be extended or enlarged ... (Emphasis added.)
   As we read this section, a special exception would be applicable only when the nonconforming use consists predominantly of a nonconforming use of land. Here, the nonconforming uses are of the residence and detached garage. Moreover, we note that Appellants' proposed number of parking spaces falls slightly short of that required under the ordinance and that there would be no off-street parking requirements if Appellants' uses of their residence and detached garage conformed to the ordinance.

that Appellants' proposal constituted an expansion of their nonconforming uses, which expansion required a variance.

■ Of course, a variance to expand a nonconforming use of property by adding off-street parking, like other types of variances, should be sparingly granted and only under exceptional circumstances. *Philadelphia v. Angelone*, 3 Pa.Commonwealth Ct. 119, 280 A.2d 672 (1971). In order to secure such a variance, Appellants were required to establish, *inter alia*, that unnecessary hardship would result if the variance was not granted. *Id.*

■ Our review of the record indicates that Appellants sought off-street parking as a convenience and have effectively used their property without such parking. *Kollock v. Zoning Board of Adjustment of Philadelphia*, 27 Pa.Commonwealth Ct. 624, 367 A.2d 339 (1976). We conclude, therefore, that the Board neither erred nor abused its discretion in denying Appellants a variance.

For the foregoing reasons, the order of the trial court affirming the Board's decision will likewise be affirmed.

## ORDER

AND NOW, this 14th day of November, 1990, the order of the Court of Common Pleas of Delaware County is affirmed.

PALLADINO, J., dissents.