Harry A. and Maryrita SWEENEY and the Haverford Civic Association, Appellants

v.

The ZONING HEARING BOARD OF MERION TOWNSHIP and Philadelphia Properties, Inc., a/k/a Phil Prop, Inc. and Lower Merion Township.

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1996.

Decided April 17, 1996.

James K. Brengle, for Appellants.

Steven T. O'Neill, for Appellee, Lower Merion Township Zoning Hearing Board.

Fred B. Fromhold, for Intervenor, Philadelphia Properties, Inc.

Before COLINS, President Judge, and FLAHERTY, J., and MIRARCHI, Senior Judge.

FLAHERTY, Judge.

Harry A. and Maryrita Sweeney and the Haverford Civic Association (Sweeney) appeal from an order of the Court of Common Pleas of Montgomery County, affirming the decision of the Zoning Hearing Board of Lower Merion Township (Board) granting a variance to Philadelphia Properties, Inc. (Properties), to create a parking lot on a portion of its property located within an R–2 Residential District. We affirm.

The issues presented in this case are: (1) whether the Board, on remand, erred in not reconsidering all of the five elements for a variance, and (2) whether the Board's finding of unique physical circumstances is supported by substantial evidence.

Properties owns an apartment complex, bisected by two zoning districts, the R–7 multifamily residential district and the R–2 single family residential district. The R–7 district allows parking lots for multifamily use, but the R–2 district does not permit parking facilities which serve occupants of more than one residence. In 1981, Lower Merion Township passed a zoning ordinance requiring two parking spaces per apartment unit. This ordinance made Properties' parking nonconforming under the Lower Merion Code (Code).

On June 1, 1988, Properties, whose apartment complex is located on West Montgomery Avenue, requested relief from the Board to modernize the apartment complex and to build an open air parking lot on the site. Specifically, Properties requested approval for a 100–foot extension of the R–7 district into the R–2 district, and a variance for additional parking in the R–2 district. On September 9, 1988, Board denied Properties' request and Properties revised its plans and again submitted an application for special

exception and variance. On February 9, 1989, the Board granted Properties' special exception to extend the site's R–7 zoning line for 100 feet, as permitted by the Code,[1] but denied Properties' variance request. However, the Board granted an alternative variance to construct a limited parking area in the R–2 portion utilizing an average setback of 80 feet from the bordering street, Windsor Lane, and to include certain buffer devices.

Sweeney appealed to the court of common pleas, which affirmed the special exception but reversed the Board's grant of the alternative variance. On appeal, this court affirmed. *Sweeney v. Zoning Hearing Board of Lower Merion Township (Sweeney I)*, 132 Pa.Cmwlth. 548, 573 A.2d 664 (1990). Thereafter, the Supreme Court issued an opinion vacating this court's decision and remanding the case to the Board. *Sweeney v. Zoning Hearing Board of Lower Merion Township*, 534 Pa. 197, 626 A.2d 1147 (1993).

In its decision, the Supreme Court stated that the Board did not abuse its discretion by determining that a necessary hardship existed. However, the court held that the Board committed an error of law by failing to make a finding of unique physical circumstances pursuant to Section 912 of the Pennsylvania Municipalities Planning Code (MPC).[2] Accordingly, the court remanded the case to the Board for it to make a finding of unique physical circumstances or conditions.

On remand, the Board heard evidence concerning the topography of the site, its vegetation and its neighboring properties, and determined that there existed unique physical circumstances or conditions peculiar to the site. Specifically, most of the other properties on Montgomery Avenue are entirely within a 100–foot extension of the R–7 zone, as permitted under the Code. However, unlike these properties, Properties' site intrudes much deeper into the R–2 zone. Accordingly, the Board found that Properties' site is uniquely burdened by the zoning boundary due to its own physical attributes, and not from the general conditions of the neighborhood as a whole.

Sweeney appealed to the Court of Common Pleas of Montgomery County which affirmed the Board's decision, and this appeal followed.

■ Our standard of review where the court of common pleas has taken no additional evidence is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. *In re Appeal of deBotton*, 81 Pa.Cmwlth. 513, 474 A.2d 706 (1984). The court may find an abuse of discretion if the Board's findings are not supported by substantial evidence. *Id.* 474 A.2d at 708. Substantial evidence has been defined by our Supreme Court as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 555, 462 A.2d 637, 640 (1983).

■ Sweeney argues that the Board committed both an error of law and an abuse of discretion by determining that each of the five factors necessary for the grant of a variance were entirely separable from one another, and by not revisiting the other factors when it considered evidence as to unique physical conditions. 53 P.S. § 10912(1)–(5).[3]

1. Lower Merion Code § 155–8 (1993), *as amended* by Ord. No. 3327 of June 16, 1993, provides:
Where a district boundary line divides a lot held in single and separate ownership as of January 1, 1983, the regulations applicable to the less restrictive district shall extend over the portion of the lot in the more restrictive district a distance of not more than fifty (50) feet beyond the district boundary line. The regulations of the less restrictive district may extend up to one hundred (100) feet beyond the district boundary line when authorized as a special exception.

2. Former Section 912 of the Act of July 31, 1968, P.L. 805, *as amended, formerly* 53 P.S. § 10912.

We note that, although the Act of December 21, 1988, P.L. 1329, has further amended the MPC and altered the section numbers (the contents of Section 912 are now contained in Section 910.2, 53 P.S. § 10910.2), the pre–1988 version of the MPC governs this case and is cited accordingly. *See infra* note 3.

3. In accordance with 53 P.S. § 10912(1)–(5), the Board may grant a variance provided the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or

Specifically, Sweeney asserts that the Board erred in not reconsidering evidence showing that the R–7 and R–2 zoned areas could be used as zoned and in refusing to hear evidence regarding the placement of additional parking in the R–7 Zone.

Sweeney's contention that the Board should have reconsidered all of the factors runs contrary to the Supreme Court's remand order and to the legal principle of res judicata. In its decision, the Supreme Court concluded that the Board's other findings were supported by substantial evidence and did not constitute an abuse of discretion.[4] The only issue on which the Supreme Court remanded the case was as to unique physical conditions.

If the Board on remand would have heard new evidence as to the other four elements, including evidence showing that the site could be used as zoned, it would have ignored the holding and reasoning of the Court's order of remand. By holding that the Board erred only in failing to make a finding as to "uniqueness," and by concluding that the remainder of the Board's findings were sup-

ported by substantial evidence, the Supreme Court dealt conclusively with the other elements, thereby precluding any relitigation of these issues.[5] *Spang & Co. v. USX Corp.,* 410 Pa.Superior Ct. 254, 599 A.2d 978 (1991), *appeal denied,* 531 Pa. 640, 611 A.2d 712 (1992). Accordingly, we find that the Board committed no error of law.

■ With respect to Sweeney's argument that the record contains no evidence to support the Board's finding of unique physical circumstances, we disagree. The "uniqueness" requirement is intended to separate problems that generally plague entire communities from those that are specific to a particular property, thus making them suitable candidates for relief by variance. *In re Michener Appeal,* 382 Pa. 401, 115 A.2d 367 (1955).

■ The Board, on remand, appropriately heard evidence regarding the uniqueness of the site's physical conditions which served to create the unnecessary "parking" hardship. Specifically, the Board heard evidence as to the sites' topography and vegetation, as well

---

shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(3) That such unnecessary hardship has not been created by the appellant;

(4) That the variance, if authorized, will not alter the essential character of the neighborhood, or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

**4.** As to the unnecessary hardship requirement of 53 P.S. § 10912(a)(2), the Supreme Court held that "[p]roperties, therefore, established that refusal of the variance to build additional parking

in the R–2 Single Family District would frustrate the normal increase of the business and result in an unnecessary hardship." *Sweeney,* 534 Pa. at 206, 626 A.2d at 1152. Regarding subsection (a)(3), that the hardship was not self-created, the court noted that the zoning ordinance passed in 1981, requiring two parking spaces per apartment unit, made Properties' parking nonconforming under the Code. *Id.* at 200, 626 A.2d at 1149. With regard to whether the variance would be injurious to the public interest, subsection (a)(4), the Court held that "as the Board found and the evidence supports, granting the variance will not cause a detriment to the public." *Id.* at 206, 626 A.2d at 1152. Last, with regard to subsection (a)(5), that the variance represents the minimum modification necessary to afford relief, the Supreme Court noted the Board's finding that "the level of relief granted is the minimum which will alleviate the hardship" and held that "since the Board's findings are supported by substantial evidence, we conclude that the Board did not abuse its discretion." *Id.* at 206, 626 A.2d at 1152.

**5.** The wisdom of the Supreme Court's specific remand of a single issue is apparent from the history of this case, which reveals that the property owner's request to improve its property has been delayed approximately eight years, since June 1, 1988, by the litigation and appeals of all the parties. *See Sweeney I.*

as testimony regarding other neighboring properties on the R–2/R–7 boundary line. Based on this evidence, the Board found that the site had its own special attributes, in contrast to the other developed properties on Montgomery Avenue which are also affected by the R–2/R–7 boundary line. Specifically, the Board found that the other affected properties are either developable within the existing R–7 zone, or lawfully extended into the R–7 zone (Merion Cricket Club), or are already fully developed in the R–2 portion of their property under a prior zoning ordinance (Thatcher Court), or have been granted variances in the past for parking in the R–2 zone (Haverford Mansion). As the record on remand contains substantial evidence to support the Board's finding of unique physical circumstances in conjunction with the Board's previous findings affirmed by the Supreme Court, we find that the Board did not abuse its discretion in granting the variance.

Accordingly, the decision of the Court of Common Pleas of Montgomery County is affirmed.

### ORDER

NOW, April 17, 1996, the order of the Court of Common Pleas of Montgomery County, No. 89–03725, dated February 10, 1995, is affirmed.